# CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-02342-CJC (SK) | Date | December 18, 2019 |
|---|---|---|---|
| Title | Reverend Benjamin M. Caranchini v. Riverside County Sheriff's Dept. et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against the Riverside County Sheriff's Department and one of the Department's correctional lieutenants. He failed, however, to include a certified copy of his trust account statement for the last six months. *See* 28 U.S.C. § 1915(a)(2); L.R. 5-2. Without that certified statement, Plaintiff cannot proceed with his complaint unless he first pays the full amount of the filing fee.

But even if Plaintiff fixes this filing deficiency, the complaint remains substantively deficient because it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(2). For starters, the Sheriff's Department (as part of Riverside County) may not be sued under § 1983 unless Plaintiff alleges non-conclusory facts plausibly suggesting a municipal "policy" or "custom" caused the alleged deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Allegations of a single isolated or sporadic incident—like what is alleged in the complaint here—cannot support a § 1983 claim against a municipality. *See Gant v. Cty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014). Moreover, the complaint alleges no facts explaining how the correctional officer deprived Plaintiff of his constitutional rights. Section 1983 liability cannot be imposed against an individual without his personal participation in the alleged unconstitutional conduct. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). According to a document attached to the complaint, however, this lieutenant was evidently a prison official responsible for reviewing Plaintiff's administrative grievance about the incident vaguely described in the complaint. (ECF 1 at 7). Yet prisoners have no constitutional right to specific prison grievance procedures or results. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **January 17, 2020** why his in forma pauperis application should not be denied and his complaint accordingly dismissed. If Plaintiff wishes to proceed with this action, he must first file a complete form CV-60P (attached here) that includes <u>a certified copy of his trust account</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02342-CJC (SK) | Date | December 18, 2019 |
|---|---|---|---|
| Title | Reverend Benjamin M. Caranchini v. Riverside County Sheriff's Dept. et al. | | |

<u>statement for the last six months</u>.  Even then, Plaintiff must also file either an amended complaint that cures the deficiencies described in this order or a response to this order explaining why it is wrong.  Alternatively, Plaintiff may file a notice of voluntary dismissal using the attached form CV-09 if he cannot cure the deficiencies outlined in this order.

**In any case, failure to file a voluntary dismissal, an amended complaint, or a timely response to this order may result in involuntary dismissal of this action for failure to prosecute.**  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**